Bernard Weinreb, Esq.  (BW 3846)
Attorney for Plaintiff
2 Executive Boulevard                                              ECF CASE
Suffern, New York 10901
(845) 369-1019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANNA MARIE BUCHALSKI
        Plaintiff,                                                Civil Action No.
                                                                  06 Civ. 0094 (WCC)

**COMPLAINT**

    -against-

BED BATH AND BEYOND INC.
        Defendant.
---------------------------------------------------------------X

## I.  PRELIMINARY STATEMENT

1. This is an action brought by plaintiff, ANNA MARIE BUCHALSKI, to remedy discrimination on the basis of disability in the terms, conditions and privileges of employment in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. Sections 12101, et seq. ("ADA"), and the New York Human Rights Law, N.Y. Exec. L. Sections 290-301 ("N.Y. Human Rights Law").

## II.  JURISDICTION

2. The jurisdiction of the Court to adjudicate Plaintiff's first claim in this controversy is invoked pursuant to 42 U.S.C. Section 12112 and 28 U.S.C. Section 1331.

3. The Plaintiff requests the Court to exercise jurisdiction under her pendant state claim set forth as Plaintiff's second claim herein.

4. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to the ADA and the N.Y. Human Rights Law.

1

## III. VENUE

5.	The unlawful employment practices alleged below were committed within the State of New York in Orange County.  Accordingly, venue lies in the United States District Court for the Southern District of New York under 28 U.S.C. Section 1391(b).

## IV. PARTIES

6.	Plaintiff, Anna Marie Buchalski, resides in Orange County, New York. She was an "employee" within the meaning of Section 701(f) of Title VII, 42 U.S.C. Section 12111(4) and Section 292(6) of the N.Y. Human Rights Law, N.Y. Exec. Law Section 296(6) at all times relevant to this action.  Plaintiff worked as a cashier at Bed Bath and Beyond Inc. (the "Employer" or the "Defendant"), at its Newburg, New York location, from September 22, 2004 until she was terminated on February 10, 2005.

7.	The Employer was an "employer" of Plaintiff within the meaning of 29 U.S.C. Section 2611(4)(A), 42 U.S.C. Section 12111(5) and Section 292(5) of the N.Y. Human Rights Law, N.Y. Exec. Law Section  292(5) at all times relevant to this action. Upon information and belief, the Employer had more than 500 employees working for it for at least 20 weeks during each of 2004 and 2005.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.	Plaintiff timely filed a charge of discrimination against Defendant with the United States Equal Opportunity Commission ("EEOC") and with the New York State Division of Human Rights ("SDHR") on or about April 6, 2005 complaining of the disability discrimination alleged herein.  On October 11, 2005, the EEOC issued Plaintiff a notice informing her of her right to sue in federal court.

## VI. STATEMENT OF FACTS

2

9. Plaintiff was diagnosed with breast cancer in early 2004 and received approximately six months of chemotherapy and radiation treatment, which was followed by reconstructive surgery.

10. Plaintiff applied for a cashier position with the Employer at its location at 1399 Route 300, Newburg, New York and she was hired for such position on September 22, 2004.

11. A few weeks after Plaintiff was hired by the Employer, she informed her Store Manager, Sabrina Wightman, and her Operations Manager, Russ Leiner, that she was a breast cancer survivor and had just completed her treatments and reconstruction.

12. Upon hearing Plaintiff's circumstances, both of these individuals agreed to help Plaintiff with anything and to work with her to the best of their abilities.

13. On February 3, 2005, Plaintiff had her six month check-up with her Radiologist Oncologist, Dr. Thomas R. Eanelli. He told Plaintiff that he was pleased that Plaintiff was working as it was good for her morale.

14. During that appointment, Dr. Eanelli told Plaintiff that as a result of the heavy radiation doses she was given, she may not lift weights exceeding seven pounds and may not climb ladders. He gave Plaintiff a letter setting forth such limitations and instructed Plaintiff to give this letter to her Employer.

15. On February 4, 2005, Plaintiff presented Dr. Eanelli's letter to Ms. Wightman. In response to this letter, Ms. Wightman told Plaintiff that she was an excellent employee and that Plaintiff had received an excellent performance evaluation and that she did not want to lose Plaintiff as an employee. Nevertheless, she informed Plaintiff that she needed to review Plaintiff's situation with corporate headquarters.

16. On February 10, 2005, when Plaintiff returned to work for her regularly scheduled shift, Plaintiff was informed by Ms. Wightman that Plaintiff was being terminated from employment because of her lifting limitations.

17. Plaintiff responded to Ms. Wightman that she had been working for the Employer for five months without any issue.

18. Plaintiff also informed Ms. Wightman that Mr. Leiner, Operations Manager, stated at a meeting of store employees that each employee has different limitations when it comes to lifting items and that employees should work together as a team in helping each other.

19. In accordance with this policy, even employees who did not have lifting restrictions on account of a disability asked for, and received, such assistance from other store associates.

20. In fact, it was generally not necessary for Plaintiff to lift heavy items. In the event that a heavy item was needed to be lifted, Plaintiff had received assistance from store associates who could lift the heavier items.

21. Plaintiff did not need, and was not provide with, special help in performing her job that had not provided to other employees in the store. Nevertheless, she was terminated from her employment on the basis of her disability and/or perceived disability. .

22. Upon information and belief, Plaintiff was discriminated against by the Employer on the basis of her disability or perceived disability.

### VII. AS AND FOR A FIRST CLAIM FOR RELIEF
### DISABILITY DISCRIMINATION/TITLE VII

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 as is set forth fully herein.

24. Plaintiff has a physical impairment which limits her ability to lift items weighing over seven pounds. Accordingly, plaintiff has a "disability" within the meaning of 42 U.S.C. Section 12102(2).

25. Plaintiff is "a qualified individual with a disability," within the meaning of 42 U.S.C. Section 12111(8), because she can perform the duties with her disability.

26. Alternatively, Defendant perceived Plaintiff as having a disability as the Defendant believed that Plaintiff could not perform her duties with her lifting restrictions.

27. Plaintiff was able to perform her duties as a cashier with her lifting restrictions because her job normally did not require her to lift heavy items. In those circumstances where heavy items were needed to be lifted, Plaintiff could have had another other store associates assist her with the lifting of those items.

28. It was normal for employees, even those without lifting restrictions, to request assistance of other associates in lifting heavier items. It was the Employer's policy that employees should help each other out with such lifting.

29. The Employer fired Plaintiff even though she performed her job satisfactorily notwithstanding her lifting restrictions because the Employer wrongly perceived that she could not work perform her job with her lifting restrictions..

30. The Employer unlawfully terminated Plaintiff's employment because of her disability and/or perceived disability in violation of 42 U.S.C. Section 12112.

31. Upon information and belief, Plaintiff has suffered personal injuries including, but not limited to, emotional distress, humiliation, mental anguish and loss of enjoyment of life as a result of defendant the Employer's unlawful discrimination, and is entitled to compensatory damages.

## VIII. AS AND FOR A SECOND CLAIM FOR RELIEF
## DISABILITY DISCRIMINATION/NEW YORK HUMAN RIGHTS LAW

32. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 as if set forth fully herein.

33. The Employer terminated Plaintiff's employment because of her disability and/or perceived disability in violation of the New York Human Rights Law, even though Plaintiff was capable of doing her duties with her lifting restrictions.

34. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her disability and/or perceived disability in violation of the N.Y. Human Rights Law.

35. Upon information and belief, Plaintiff has suffered personal injuries including, but not limited to, emotional distress, humiliation, mental anguish and loss of enjoyment of life as a result of defendant the Employer's unlawful discrimination, and is entitled to compensatory damages.

## XIII. PRAYER FOR RELIEF

Plaintiff respectfully requests this Court to:

1. Assume jurisdiction over this action;

2. Grant a permanent injunction:

    A. Prohibiting Defendant from continuing or maintaining a policy, practice and/or custom of denying, abridging, withholding or conditioning the rights of employees on the basis of disability and/or perceived disability which rights are secured by the ADA and the N.Y. Human Rights Law, N.Y. Exec. Law Section 290-301.

    3. Reinstate Plaintiff to his previous position at the Employer, or award her front pay; and

    4. Award plaintiff the following damages:

### ON THE FIRST CLAIM FOR RELIEF

    A. Actual damages for loss of wages and benefits, in an amount to be determined at trial, plus interest;

    B. Compensatory damages, in an amount to be determined at trial, for humiliation, mental anguish and emotional distress sustained by her;

    C. Punitive damages, in an amount to be determined at trial.

    D. Reasonable attorneys' fees.

### ON THE SECOND CLAIM FOR RELIEF

    A. Actual damages for loss of wages and benefits, in an amount to be determined at trial, plus interest;

    B. Compensatory damages, in an amount to be determined at trial for humiliation, mental anguish and emotional distress sustained by her.

### ON ALL CLAIMS

    A. The costs of this action.

    5. Grant plaintiff such other and further relief as may be deemed necessary, just and proper by this Court.

### XIV.  JURY DEMAND

Plaintiff demands trial by jury on all issues in this action properly triable before a jury.

Dated:   Suffern, New York
       January 3, 2006

                                                _____
                                                Bernard Weinreb, Esq. (BW 3846)
                                                Attorney for Plaintiff
                                                2 Executive Blvd., Suite 201
                                                Suffern, New York 10901
                                                (845) 369-1019

To:  Bed Bath and Beyond, Inc.
       c/o New York Secretary of State